FILED ___ ENTERED
___ LODGED ___ RECEIVED

AUG 05 2024

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

The Honorable Lauren King

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ARACELI SALAS,<br><br>Defendant. | NO. CR22-180-JCC<br><br>**PLEA AGREEMENT** |

The United States, through United States Attorney Tessa M. Gorman and Assistant United States Attorney Casey S. Conzatti of the Western District of Washington and Araceli Salas and Ms. Salas' attorney Michael Nance enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1. **The Charges**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charges contained in the Indictment:

   a. Conspiracy to Distribute Controlled Substances, a lesser included offense as charged in Count 1, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and 846.

b. Conspiracy to Commit Money Laundering, as charged in Count 4, in violation of Title 18, United States Code, Section 1956(h).

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offenses**. The elements of the offenses to which Defendant is pleading guilty are as follows:

    a. The elements of Conspiracy to Distribute Controlled Substances, as charged in Count 1, are as follows:

        i. Beginning at a time unknown, but within the past five years, and continuing until on or about October 19, 2022, there was an agreement between two or more persons to distribute controlled substances including methamphetamine; and

        ii. The Defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

    b. The elements of Conspiracy to Commit Money Laundering, as charged in Count 4, are as follows:

        i. Beginning at a time unknown, but within the past five years, and continuing until on or about October 25, 2022, there was an agreement between two or more persons to commit the crime of money laundering[1]; and

        ii. The defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

3. **The Penalties**. Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

---

[1] The elements of money laundering are as follows: (1) a person conducted a financial transaction involving property that represented the proceeds of a specified unlawful activity, to wit drug trafficking, (2) the person knew that the property represented the proceeds of some form of unlawful activity, to wit drug trafficking, and (3) the person knew that the transaction was designed in whole or in part (i) to conceal or disguise the nature, location, source, ownership, or control of the proceeds and (ii) to avoid a transaction reporting requirement under state or federal law.

Plea Agreement - 2
United States v. Araceli Salas, CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a. For the offense of Conspiracy to Distribute Controlled Substances, the lesser included offense of Count 1: A maximum term of imprisonment of up to 40 years and a mandatory minimum term of imprisonment of five years, a fine of up to $5,000,000, a period of supervision following release from prison of at least four years, and a mandatory special assessment of one-hundred dollars.

b. For the offense of Conspiracy to Commit Money Laundering, as charged in Count 4: A maximum term of up to 20 years of imprisonment, a period of supervision following release from prison of up to three years, a fine of up to $500,000, or twice the amount laundered and a mandatory special assessment of one-hundred dollars.

**Drug Offense - Proof of Drug Quantity for Mandatory Minimum.** Defendant further understands that, in order to invoke the statutory sentence for the drug offenses charged in the lesser included offense as charged in Count 1 the United States must prove that Defendant's conduct as a member of the narcotics conspiracy charged in the lesser included offense as charged in Count 1 which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in the lesser included offense as charged in Count 1, involved five grams or more of actual methamphetamine, or 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine. Defendant expressly waives the right to require the United States to make this proof at trial and stipulates as a part of this plea of guilty that Defendant's conduct as a member of the narcotics conspiracy charged in the lesser included offense as charged in Count 1, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in the lesser included offense as charged in Count 1, involved five grams or more of actual methamphetamine, or 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and

Plea Agreement - 3
*United States v. Araceli Salas*, CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

4. **Immigration Consequences**. Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any

Plea Agreement - 4
United States v. Araceli Salas, CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

immigration consequences that Defendant's guilty pleas may entail, even if the consequence is Defendant's mandatory removal from the United States.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty and to persist in a plea of not guilty;

    b. The right to a speedy and public trial before a jury of Defendant's peers;

    c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

    d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

    e. The right to confront and cross-examine witnesses against Defendant at trial;

    f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

    g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

    h. The right to appeal a finding of guilt or any pretrial rulings.

6. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to

Plea Agreement - 5
*United States v. Araceli Salas*, CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

    b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7. **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8. **Statement of Facts**. The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offenses:

    a. Beginning at a time unknown but not later than January 1, 2021, and continuing until at least October 25, 2022, the defendant, Araceli Salas, conspired with others known and unknown, to distribute controlled substances, including methamphetamine, within the Western District of Washington. Ms. Salas also conspired with co-defendants to launder the drug trafficking proceeds.

Plea Agreement - 6
*United States v. Araceli Salas*, CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

b. The conspiracy, and Ms. Salas' role in this Drug Trafficking Organization (DTO), is established by court-authorized interception of wire and electronic communications; surveillance; seizure of drugs and cash; search warrants; and other evidence, only some of which is outline below.

c. On September 17, 2022, at approximately 2:14 p.m., agents intercepted a conversation between Mr. Paleo and Ms. Salas, where Mr. Paleo arranged to have Ms. Salas pick up approximately 20 pounds of methamphetamine from an unknown male. The intercepted communications following this call confirmed that Ms. Salas did in fact obtain the methamphetamine for Mr. Paleo for the purpose of distribution. Ms. Salas knowingly conspired and agreed with her co-conspirators to distribute the methamphetamine to others for profit.

d. The conspiracy to distribute controlled substances generated substantial cash drug proceeds, which Ms. Salas agreed to launder through various means with her co-conspirators. In furtherance of this conspiracy to launder drug proceeds, Ms. Salas, and her co-conspirators, engaged in financial transactions designed to avoid transaction reporting requirements, namely, the co-conspirators structured their cash deposits into Ms. Salas' bank account, so that each cash deposit was $10,000 or less. The coconspirators structured these cash deposits in this manner with the intent to avoid causing Ms. Salas' bank to file a Currency Transaction Report ("CTR") for a cash deposit in excess of $10,000, as required by 31 U.S.C. § 5313 and 31 C.F.R. § 1010.311. Ms. Salas, and her co-conspirators, also engaged in the financial transactions with the intent to conceal or disguise the nature, location, source, ownership, or control of the proceeds; specifically, by running the cash drug proceeds through Ms. Salas' bank account, the co-conspirators intended to conceal the fact that the cash represented proceeds of the drug trafficking conspiracy that were generated in the Western District of Washington.

e. For example, Ms. Salas used her Airbnb account to book stays for Mr. Paleo and Mr. Guardado Rodriguez in Seattle. Specifically, Ms. Salas booked the

Plea Agreement - 7
United States v. Araceli Salas, CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Airbnb that agents searched in April 2022. During that search, agents found approximately 161 grams of heroin, 37 grams of fentanyl laced pills, 830 grams of fentanyl powder, and 14 kilograms of meth. After the search was executed, agents intercepted calls between Mr. Paleo and Ms. Salas where Mr. Paleo was telling her what happened and that someone took "all of it." Ms. Salas was in California at the time.

    f. Additionally, on May 18, 2022, agents intercepted a call between Ms. Salas and Mr. Paleo, where Mr. Paleo said that he spoke with an unknown male and told him that Ms. Salas would have the money. Mr. Paleo told Ms. Salas to give $30,000 to an unknown male. On May 18, 2022, a conspirator in Seattle deposited $19,500 in cash, structured in multiple ATM transactions of $1,500 to $3,000, into Ms. Salas's Wells Fargo account. On the same day, Ms. Salas withdrew $20,000 from the same Wells Fargo account in Los Angeles, CA. These cash deposits were proceeds of the charged drug trafficking conspiracy.

    g. During Ms. Salas' participation in this conspiracy, a number of other deposits of drug proceeds were also made into her account. On March 8, 2022, five cash deposits each for $3,000, totaling $15,000, were made into Ms. Salas' Wells Fargo account from an ATM in Tukwila, WA. The same day, Ms. Salas withdrew $15,000 from a Wells Fargo branch located in California. On April 1, 2022, 16 cash deposits from various Wells Fargo ATMs located in the Western District of Washington were made into Ms. Salas' account. These deposits ranged from $300 to $3,000 and totaled $14,490. On April 6, 2022, Ms. Salas withdrew $10,000 from a Wells Fargo branch located in California. Between April 6, 2022, and May 18, 2022, Ms. Salas received approximately $46,800 in ATM cash deposits. The majority of those deposits occurred from ATM locations located in Washington. During the same time period, Ms. Salas withdrew $45,000 in cash from various Wells Fargo locations.

    h. Ms. Salas and her co-conspirators agreed to structure the above-described deposits to avoid reporting requirements. Ms. Salas and her co-conspirators

Plea Agreement - 8
*United States v. Araceli Salas*, CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

agreed to conduct the above financial transactions in order to conceal the nature and source of the funds, which Ms. Salas and her co-conspirators knew were drug proceeds.

        i.      Wells Fargo is a financial institution operating in and affecting interstate and foreign commerce.

        j.      As part of the investigation in this case, on October 25, 2022, investigators executed a search warrant at Ms. Salas' residence, located at 3501 E. 54th Street, Maywood, California. During execution of the search warrant, investigators seized approximately $3,800 in cash. This cash represents, and/or is traceable to, the charged drug trafficking conspiracy.

        k.      Investigators also seized a Glock 42 .38 caliber pistol, with an extended magazine, from Ms. Salas' residence. This firearm was seized from an area associated with another individual living in Ms. Salas' residence.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9. **Sentencing Factors**. The parties agree that the following Sentencing Guidelines provisions apply to this case:

        a.      A base offense level of 38 under USSG § 2S1.1(a) because the offense level for the underlying offense from which the laundered funders were derived is 36 based on the following provisions:

Plea Agreement - 9
United States v. Araceli Salas, CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

      i.     A base offense level of 36 as the relevant conduct involved at least 15 kilograms but less than 45 kilograms of methamphetamine, pursuant to USSG § 2D1.1(c)(2); and

      ii.    A two-level increase under USSG § 2S1.1(b)(2)(B) because Ms. Salas was convicted under 18 U.S.C. § 1956.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10. **Acceptance of Responsibility.** At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11. **Zero-Point Offender Eligibility.** Based on the evidence known to the United States at the time of this Plea Agreement, the United States believes Defendant may be eligible for a sentencing adjustment pursuant to the Zero-Point Offender provisions at USSG § 4C1.1(a)(1)-(10). Those provisions require: (1) Defendant did not receive any criminal history points; (2) Defendant did not receive an adjustment under §3A1.4 (Terrorism); (3) Defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) Defendant did not personally cause substantial financial hardship; (7) Defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous

Plea Agreement - 10
United States v. Araceli Salas, CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights); (9) Defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and (10) Defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

If, at the time of sentencing, the United States is satisfied Defendant has met each of these ten requirements, the United States will recommend a Zero-Point Offender adjustment to Defendant's sentencing range pursuant to USSG § 4C1.1(a). Defendant understands, however, that the Court will ultimately decide whether Defendant qualifies for any sentencing adjustment that comports with the Zero-Point Offender provisions.

12. **Safety Valve Eligibility.** Based on the evidence known to the United States at the time of this Plea Agreement, the United States believes Defendant may be eligible for a sentencing adjustment pursuant to the Safety Valve provisions of Title 18, United States Code, Section 3553(f)(1)-(5). Those provisions require: (1) Defendant does not have (A) more than four criminal history points, excluding any criminal history points resulting from a 1-point offense; (B) a prior 3-point offense; and (C) a prior 2-point violent offense; (2) Defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (3) the offense did not result in death or serious bodily injury to any person; (4) Defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the Sentencing Guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and (5) not later than the time of the sentencing hearing, Defendant has truthfully provided to the Government all information and evidence Defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that Defendant has no relevant or useful other information to provide or that the

Plea Agreement - 11
United States v. Araceli Salas, CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Government is already aware of the information shall not preclude a determination by the court that Defendant has complied with this requirement.

If, at the time of sentencing, the United States is satisfied Defendant has met each of these five requirements, the United States will recommend a Safety Valve adjustment to Defendant's sentencing range pursuant to 18 U.S.C. § 3553(f). Defendant understands, however, that the Court will ultimately decide whether Defendant qualifies for any sentencing adjustment that comports with the Safety Valve provisions.

13. **Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the government agrees to recommend at the time of sentencing that the appropriate term of imprisonment to be imposed by the Court is a term of imprisonment no more than 60 months. Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

14. **Forfeiture of Assets.** Defendant understands that the forfeiture of property is part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the United States immediately Defendant's right, title, and interest in any and all property, constituting, or derived from, any proceeds Defendant obtained as a result of her commission of *Conspiracy to Distribute Controlled Substances*, the lesser-included offense of that charged in Count 1, as well as any property that facilitated this offense. All such property is forfeitable pursuant to Title 21, United States Code, Section 853, and includes, but is not limited to, $3,800 in U.S. Currency seized on or about October 25, 2022, from Defendant's residence, located at 3501 E. 54th Street, Maywood, California.

Plea Agreement - 12
*United States v. Araceli Salas*, CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant also agrees to forfeit to the United States immediately Defendant's right, title, and interest in any property involved in her commission of *Conspiracy to Commit Money Laundering*, as charged in Count 4. All such property is forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), and includes, but is not limited to, the above-described $3,800 in U.S. Currency.

Defendant agrees to fully assist the United States in the forfeiture of any forfeitable property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

Defendant also agrees not to file any further claims to any of this property in any federal forfeiture proceeding, administrative or judicial, that may be or has been initiated, or to otherwise contest any federal forfeiture proceeding that may be or has been initiated. Defendant also agrees she will not assist any party who may file a claim to this property in any federal forfeiture proceeding.

Defendant also agrees not to file a claim in any federal forfeiture proceeding, administrative or judicial, that may or has been initiated with respect to above-described Glock 42 .38 caliber pistol, extended magazine, and ammunition, that were seized from her residence on October 25, 2022.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, in which the Defendant has any interest or control, if that property facilitated and/or constitute proceeds of her commission of *Conspiracy to Distribute Controlled Substances* (the lesser-included offense of that charged in Count 1) or if the property was involved in her commission of *Conspiracy to Commit Money Laundering* (as charged in Count 4).

Plea Agreement - 13
*United States v. Araceli Salas*, CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

15. **Abandonment of Contraband.** Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband, or any other firearms, magazines, ammunition, or firearms accessories, that were in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

16. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

17. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Plea Agreement - 14
*United States v. Araceli Salas*, CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

18. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty pleas required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable).

Defendant also agrees that, by entering the guilty pleas required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation or a claim of prosecutorial misconduct based on facts

Plea Agreement - 15
United States v. Araceli Salas, CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

unknown or not reasonably discoverable prior to entry of the judgment of conviction. Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

19. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

20. **Statute of Limitations**. In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

//
//
//

Plea Agreement - 16
*United States v. Araceli Salas*, CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

21. **Completeness of Plea Agreement**. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 5th day of August, 2024.

_____
ARACELI SALAS
Defendant

_____
MICHAEL NANCE
Attorney for Defendant

_____
VINCENT T. LOMBARDI
Assistant United States Attorney

_____
CASEY S. CONZATTI
Assistant United States Attorney

Plea Agreement - 17
*United States v. Araceli Salas*, CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970