The Honorable Lauren King

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR22-180 LK |
| Plaintiff, | GOVERNMENT'S SENTENCING MEMORANDUM |
| v. | |
| RYAN HOLMQUIST, | |
| Defendant. | |

The United States of America, by and through Tessa M. Gorman, United States Attorney for the Western District of Washington, and Casey S. Conzatti, Assistant United States Attorney for said District, files this sentencing memorandum, requesting that Mr. Holmquist be sentenced to 36-months in custody.

*Recommended Sentence*

The government recommends that the Court sentence Mr. Holmquist to 36-months in custody, followed by three years of supervised release, subject to the conditions recommended by Probation.

//
//
//

SENTENCING MEMORANDUM - 1
*United States v. Holmquist*, CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*Factual and Procedural History*

Mr. Holmquist is charged following an investigation into a drug trafficking organization ("DTO") within the Western District of Washington. Mr. Holmquist was identified as a redistributor for the DTO which was led by co-defendant Jose Paleo.

In January 2021, the FBI identified Mr. Paleo as a large methamphetamine distributor operating in Western Washington. During the investigation, through physical and electronic surveillance, travel records, and a variety of other investigative techniques, agents were able to determine that the Paleo DTO was being supplied by a Mexico-based DTO. Agents determined that the Paleo DTO picked up narcotics in the Los Angeles area and transported them to the Seattle area for redistribution. Law enforcement agencies contacted Mr. Paleo on several occasions during the investigation, which led to seizures of cash and distribution quantities of narcotics. Investigators learned that Mr. Holmquist was a redistributor for the Paleo DTO, specifically that Mr. Holmquist was redistributing methamphetamine supplied by Mr. Paleo.

During the investigation, agents seized large quantities of narcotics from Mr. Paleo on two occasions. On the first seizure on January 8, 2021, agents conducted a traffic stop on Mr. Paleo, two males and a female in a white Malibu. During the search of the vehicle, agents recovered numerous blue pills stamped "M30" suspected to contain fentanyl, with a net weight of 91 grams, 440 net grams of methamphetamine and $8,600 in U.S. currency. Over a year later, on April 28, 2022, agents executed a warrant on a short-term rental property that was being used as a stash house for the Paleo DTO. Inside the location, agents located 9mm Luger ammunition, approximately 1,561 grams of heroin, 37 grams of suspected fentanyl-laced pills, 830 grams of suspected fentanyl powder, and 14,707 grams of methamphetamine.

The investigation also involved the use of two court-authorized Title III wire intercepts. The first intercepts began on April 21, 2022, and authorized the interception of

SENTENCING MEMORANDUM - 2
*United States v. Holmquist*, CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

wire and electronic communications over TT20 and TT25, used by Mr. Paleo, and TT26, used by Miguel Thomas.[1] The second round of interceptions began on August 31, 2022, and authorized the interception of wire and electronic communications over TT51 used by Mr. Paleo, TT33 used by co-defendant Octavio Guzman, and TT50 used by Augustin Gutierrez Valencia[2], as well as wire communications on TT52 also used by Mr. Paleo. The wiretaps and other investigative techniques revealed three conspiracies charged over six total indictments with twenty individuals indicted.

Agents intercepted a number of communications between Mr. Holmquist and Mr. Paleo during the wiretap that began on April 21, 2022. On one occasion, on May 7, 2022, Mr. Paleo called Mr. Holmquist at approximately 10:06 p.m., during this call Mr. Paleo asked Mr. Holmquist if he needed any "water" [methamphetamine]. Mr. Holmquist responded that he only needed "two" [two pounds], because he had a big order coming shortly. On May 9, 2022, at approximately 6:55 p.m., Mr. Holmquist sent a text message to Mr. Paleo asking if Mr. Paleo had "seven waters" [seven pounds of methamphetamine]. These intercepts indicate that Mr. Holmquist was purchasing multiple pounds of methamphetamine from Mr. Paleo for redistribution.

On October 19, 2022, the Grand Jury returned two indictments charging a total 11 defendants with seven counts, including Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846, Possession with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1), Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1)(B)(i) and 1956(a)(1)(B)(ii), and Carrying a Firearm During and in Relation to a Drug Trafficking Crime, in violation

---

[1] Mr. Thomas was charged under *United States v. Jose Paleo et al.* (CR22-180), as well as *United States v. Abel Cruz et al.* (CR22-179).

[2] Mr. Gutierrez Valencia is charged under a separate indictment in front of this Court (CR22-151 LK), with five co-defendants for conspiracy to distribute controlled substances and multiple possession of controlled substances with intent to distribute charges, based on the transportation of narcotics, including methamphetamine, cocaine, fentanyl laced pills, and fentanyl powder from Los Angeles, CA, to Seattle, WA.

SENTENCING MEMORANDUM - 3
*United States v. Holmquist*, CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of 18 U.S.C. § 924(c). Mr. Holmquist was charged with one count of Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846.

On October 25, 2022, the FBI executed a search warrant at Mr. Holmquist's residence. During the search of Mr. Holmquist's residence, agents recovered approximately 40 grams of methamphetamine, and 40 grams of heroin. Additionally, agents recovered one Ruger Security-9 pistol from inside Mr. Holmquist's residence, as well as ammunition, magazine, and accessories.

Mr. Holmquist was arrested pursuant to the arrest warrant issued under the indictment following the search of his residence. Mr. Holmquist was arraigned on the indictment on the same day. Dkt. 46. Mr. Holmquist pled not guilty. *Id*. On July 5, 2024, Mr. Holmquist pled guilty to one count of Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. Dkt 265.

### *Guideline Calculations*

The Presentence Investigation Report (hereinafter "PSR") correctly calculates Mr. Holmquist's base offense level to be 32 as the offense involved at least 3,000 kilograms but less than 10,000 kilograms of converted drug weight. PSR ¶ 35. The government agrees with the two-level increase applied to the offense as Mr. Holmquist was in possession of a firearm as part of the offense. PSR ¶ 36. Mr. Holmquist appears to have accepted responsibility for his actions, indicating to Probation that he greatly regretted his involvement in the instant matter. PSR ¶ 31. Based on Mr. Holmquist's acceptance of responsibility, the government believes that Mr. Holmquist should receive a three-level decrease, making the total offense level 31. Mr. Holmquist's Criminal History Category is III, resulting in an advisory range of **135-168 months.**

//

//

SENTENCING MEMORANDUM - 4
*United States v. Holmquist*, CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*Sentencing Analysis*

The United States respectfully submits that 36-months of imprisonment is sufficient, but not more than necessary, to comply with the purpose set forth in § 3553(a).

The Nature and Circumstances of the Offense

Mr. Holmquist was a redistributor for a DTO operating in the Western District of Washington. Mr. Holmquist was intercepted placing orders from the DTO leader for methamphetamine. Over two phone calls, Mr. Holmquist ordered approximately nine pounds of methamphetamine from Mr. Paleo. While agents did not find extremely large quantities of drugs at Mr. Holmquist's residence when they executed the search warrant, they did find distribution amounts of both methamphetamine and heroin, along with a firearm.

The effects of drug trafficking are massive, and in some respects, incalculable, especially when all the collateral consequences are considered. The drugs Mr. Holmquist was peddling cause irreparable harm to the community in general as well as to the families whose members are addicted to controlled substances. Furthermore, while dealing in these deadly drugs, Mr. Holmquist was in possession of a firearm, ammunition, and accessories making his crime even more dangerous. A sentence of 36-months in custody is necessary to impress upon Mr. Holmquist the seriousness of his crimes.

History and Characteristics of the Defendant

The government's recommendation takes into account Mr. Holmquist's struggle with addiction. By the age of 19, Mr. Holmquist was regularly using heroin and marijuana. Two years later, at 21, Mr. Holmquist was introduced to methamphetamine, which he quickly began to use on a daily basis in conjunction with heroin. During the course of his life, Mr. Holmquist sought services for his substance use disorder eight times, but continued to relapse rather quickly. Knowing the addictive and destructive

SENTENCING MEMORANDUM - 5
*United States v. Holmquist*, CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

nature of these drugs, Mr. Holmquist continued to sell them and contributed to the addiction of an unknown number of individuals.

However, the government also takes into account Mr. Holmquist's progress since his arrest in this case. After being arrested, and released, Mr. Holmquist enrolled in an inpatient treatment program located in Coeur d'Alene, Idaho, which he completed on March 10, 2023. Following the inpatient treatment, Mr. Holmquist enrolled in aftercare services at Snoqualmie Behavioral Health Services, located in Snoqualmie, Washington. On June 13, 2024, he successfully completed all treatment services. Mr. Holmquist appears to have maintained sobriety since completing these treatment services.

Taking all of this into consideration, the government has allowed Mr. Holmquist to plead to a lesser-included offense where there are no mandatory minimum sentences that Mr. Holmquist is facing. A sentence of 36-months is well below the advisory range, and is sufficient, but not more than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).

<u>The Need to Promote Respect for the Law, Provide Just Punishment, and Afford Deterrence.</u>

A 36-month sentence would promote respect for the law, provide a just punishment, and afford deterrence to others thereby protecting the public. Mr. Holmquist engaged in the distribution of deadly and addictive drugs. Mr. Holmquist has had numerous encounters with the criminal justice system and has remained undeterred from returning to similar behavior. A sentence of 36-months is the longest term of custody Mr. Holmquist will have served but is appropriate given his conduct in the instant matter.

//
//
//

SENTENCING MEMORANDUM - 6
*United States v. Holmquist*, CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

In light of all of these factors, the government believes that a sentence of 36-months of imprisonment followed by three years of supervised release, subject to the conditions recommended by Probation is appropriate.

DATED this 18th day of September, 2024.

Respectfully submitted,

TESSA M. GORMAN
United States Attorney

*/s/ Casey S. Conzatti*
CASEY S. CONZATTI
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: 206-553-4254
E-mail: casey.conzatti@usdoj.gov

SENTENCING MEMORANDUM - 7
*United States v. Holmquist*, CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970