UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. TAD FULTON, Defendant. | NO. CR22-180 LK GOVERNMENT'S SENTENCING MEMORANDUM |

The United States of America, by and through Tessa M. Gorman, United States Attorney for the Western District of Washington, and Casey S. Conzatti, Assistant United States Attorney for said District, files this sentencing memorandum, requesting that Mr. Fulton be sentenced to 48-months in custody.

### *Recommended Sentence*

The government recommends that the Court sentence Mr. Fulton to 48-months in custody on Count 1 to be followed by four years of supervised release, subject to the conditions recommended by Probation.

//

//

//

GOVERNMENT'S SENTENCING MEMORANDUM - 1
*United States v. Tad Fulton* / CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### *Factual and Procedural History*

Mr. Fulton is charged following an investigation into a drug trafficking organization ("DTO") within the Western District of Washington. Mr. Fulton was identified as a redistributor for the DTO which was led by co-defendant Jose Paleo.

In January 2021, the FBI identified Mr. Paleo as a large methamphetamine distributor operating in Western Washington. During the investigation, through physical and electronic surveillance, travel records, and a variety of other investigative techniques, agents were able to determine that the Paleo DTO was being supplied by a Mexico-based DTO. Agents determined that the Paleo DTO picked up narcotics in the Los Angeles area and transported them to the Seattle area for redistribution. Law enforcement agencies contacted Mr. Paleo on several occasions during the investigation, which led to seizures of cash and distribution quantities of narcotics. Investigators learned that Mr. Fulton was a redistributor for the DTO.

During the investigation, agents seized large quantities of narcotics from Mr. Paleo on two occasions. On the first seizure on January 8, 2021, agents conducted a traffic stop on Mr. Paleo, two males and a female in a white Malibu. During the search of the vehicle, agents recovered numerous blue pills stamped "M30" suspected to contain fentanyl, with a net weight of 91 grams, 440 net grams of methamphetamine and $8,600 in U.S. currency.

Over a year later, on April 28, 2022, agents executed a warrant on a short-term rental property that was being used as a stash house for the Paleo DTO. Inside the location, agents located 9mm Luger ammunition, approximately 1,561 grams of heroin, 37 grams of suspected fentanyl-laced pills, 830 grams of suspected fentanyl powder, and 14,707 grams of methamphetamine.

The investigation also involved the use of two court-authorized Title III wire intercepts. The first intercepts began on April 21, 2022, and authorized the interception of wire and electronic communications over TT20 and TT25, used by Mr. Paleo, and TT26,

GOVERNMENT'S SENTENCING MEMORANDUM - 2
*United States v. Tad Fulton* / CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

used by Miguel Thomas.[1] The second round of interceptions began on August 31, 2022, and authorized the interception of wire and electronic communications over TT51 used by Mr. Paleo, TT33 used by co-defendant Octavio Guzman, and TT50 used by Augustin Gutierrez Valencia[2], as well as wire communications on TT52 also used by Mr. Paleo. The wiretaps and other investigative techniques revealed three conspiracies charged over six total indictments with twenty individuals indicted.

Agents intercepted multiple conversations between Mr. Paleo and Mr. Fulton discussing controlled substances. On one occasion, on May 7, 2024, Mr. Fulton called Mr. Paleo and placed an order for 1,000 fentanyl pills and one ounce of fentanyl powder. Dkt. 291 ¶ 8. On May 20, 2022, at approximately 6:27 p.m. Mr. Fulton called Mr. Paleo and ordered 2,000 fentanyl pills and one ounce of cocaine. *Id*. During the same call, Mr. Fulton attempted to order heroin from Mr. Paleo, but was told that Mr. Paleo was currently out of heroin. *Id*. The investigation revealed that Mr. Fulton purchased approximately 1,000 fentanyl pills per week that he then redistributed. *Id*.

On October 19, 2022, the Grand Jury returned two indictments charging a total 11 defendants with seven counts, including Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846, Possession with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1), Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h), 1956(a)(1)(B)(i) and 1956(a)(1)(B)(ii), and Carrying a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. §§ 924(c). Mr. Fulton was charged with one count of Conspiracy to Distribute Controlled Substances.

---

[1] Mr. Thomas was charged under *United States v. Jose Paleo et al.* (CR22-180) as well as *United States v. Abel Cruz et al.* (CR22-179).

[2] Mr. Gutierrez Valencia is charged under a separate indictment in front of this Court (CR22-151 LK), with five co-defendants for conspiracy to distribute controlled substances and multiple possession of controlled substances with intent to distribute charges, based on the transportation of narcotics, including methamphetamine, cocaine, fentanyl laced pills, and fentanyl powder from Los Angeles, CA to Seattle, WA.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

On October 25, 2022, the FBI conducted a search at Mr. Fulton's residence. Mr. Fulton was present during the execution of the search warrant. During the execution of the search warrant, agents received approximately 200 gross grams of fentanyl pills, 150 gross grams of cocaine, and 30 gross grams of heroin.

Mr. Fulton was arrested pursuant to the arrest warrant issued under the indictment following the search of his residence. Mr. Fulton was arraigned on the indictment on the same day. Dkt. 42. Mr. Fulton pled not guilty. *Id*. On July 29, 2024, Mr. Fulton was pled guilty to a lesser included offense of Count 1, Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C), and 846. Dkt. 289.

### *Guideline Calculations*

The Presentence Investigation Report (hereinafter "PSR") correctly calculates Mr. Fulton's base offense level to be 30, as the offense involved at least 1,000 kilograms but less than 3,000 kilograms of converted drug weight. PSR ¶ 33. During the presentence interview, Mr. Fulton was forthcoming, cooperative, and expressed remorse for his conduct and accepted responsibility for his actions. PSR ¶ 31. Based on Mr. Fulton's acceptance of responsibility, the government believes that Mr. Fulton should receive a three-level decrease, making the total offense level 27. Mr. Fulton's Criminal History Category is V, resulting in an advisory range of **120-150 months**.

### *Sentencing Analysis*

The United States respectfully submits that a total sentence of 48-months in custody is sufficient, but not more than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).

The Nature and Circumstances of the Offense

The offense committed by Mr. Fulton is clearly serious and deserves a serious sanction. Mr. Fulton was a redistributor of various controlled substances, including, fentanyl pills, fentanyl powder, heroin, and cocaine that he obtained from this DTO. Mr.

GOVERNMENT'S SENTENCING MEMORANDUM - 4
*United States v. Tad Fulton* / CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Fulton was purchasing at least 1,000 fentanyl pills a week from Mr. Paleo to be redistributed to others.

The drugs that Mr. Fulton were distributing have been causing irreparable harm to the community. As the Court is well aware, the influx of fentanyl has left a wake of destruction in the community. In King County, alone, there have been 779 overdose deaths as of October 7, 2024, with 577 of those deaths involving fentanyl and 437 involving methamphetamine. https://kingcounty.gov/depts/health/overdose-prevention/data.aspx (last visited October 17, 2024).

As a mitigating factor, the government also recognizes that Mr. Fulton did not appear to posses a firearm during the commission of this offense. Mr. Fulton is one of a limited number of defendants in this conspiracy that were not caught either discussing or possessing firearms.

A sentence of 48 months is appropriate and reflects the serious nature of Mr. Fulton conduct in distributing these dangerous drugs and balances the fact that he was not committing this crime while armed with a firearm.

History and Characteristics of the Defendant

The government also took into account Mr. Fulton's history and characteristics both mitigating and aggravating. The government recognizes that Mr. Fulton did not have an easy childhood, and suffered various traumatic incidents, and eventually started consuming illegal substances at a relatively young age. Mr. Fulton reports that he became addicted to methamphetamine while in college. While Mr. Fulton was initial using methamphetamine to stay up and study, he reports that it soon turned into an addiction that became more important than school. Mr. Fulton has struggled with his substance use disorder for a number of years and reports that he has attended treatment on multiple occasions.

Balancing Mr. Fulton's significant substance use disorder, and difficult childhood, is Mr. Fulton's criminal history. Mr. Fulton's criminal history dates back to 1992 and

GOVERNMENT'S SENTENCING MEMORANDUM - 5
*United States v. Tad Fulton* / CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

contains various convictions related to controlled substances, theft, and burglary. He has received significant sentences before and has continued to reoffend.

A total sentence of 48-months is well below the advisory range, and is sufficient, but not more than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).

The Need to Promote Respect for the Law, Provide Just Punishment, and Afford Deterrence.

A 48-month sentence would promote respect for the law, provide a just punishment, and afford deterrence to others thereby protecting the public. Mr. Fulton engaged in the distribution of deadly and addictive controlled substances. Knowing the destructive nature that addiction has on an individual based on his own experiences, Mr. Fulton continued to peddle these drugs to others. The government is hopeful that a sentence of this length will deter Mr. Fulton from committing any additional criminal activities once he is released from custody.

//

//

//

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

In light of all of these factors, the government believes that a sentence of 48-months of imprisonment to be followed by four years of supervised release, subject to the conditions recommended by Probation is appropriate.

DATED this 17th day of October, 2024.

Respectfully submitted,

TESSA M. GORMAN
United States Attorney


/s/ Casey S. Conzatti
CASEY S. CONZATTI
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: 206-553-7970
E-mail: casey.conzatti@usdoj.gov

GOVERNMENT'S SENTENCING MEMORANDUM - 7
*United States v. Tad Fulton* / CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970