The Honorable Lauren King

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

ARACELI SALAS,

Defendant.

NO. CR22-180 LK

GOVERNMENT'S SENTENCING
MEMORANDUM

The United States of America, by and through Tessa M. Gorman, United States Attorney for the Western District of Washington, and Casey S. Conzatti, Assistant United States Attorney for said District, files this sentencing memorandum, requesting that Ms. Salas be sentenced to 36-months in custody.

### Recommended Sentence

The government recommends that the Court sentence Ms. Salas to 36-months in custody on Counts 1 and 4 to be followed by three years of supervised release, subject to the conditions recommended by Probation.

### Factual and Procedural History

Ms. Salas is charged following an investigation into a drug trafficking organization ("DTO") within the Western District of Washington. Ms. Salas was

GOVERNMENT'S SENTENCING MEMORANDUM - 1
*United States v. Araceli Salas* / CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

identified as the girlfriend and redistributor for the DTO which was led by her boyfriend and co-defendant Jose Paleo.

In January 2021, the FBI identified Mr. Paleo as a large methamphetamine distributor operating in Western Washington. During the investigation, through physical and electronic surveillance, travel records, and a variety of other investigative techniques, agents were able to determine that the Paleo DTO was being supplied by a Mexico-based DTO. Agents determined that the Paleo DTO picked up narcotics in the Los Angeles area and transported them to the Seattle area for redistribution.  Law enforcement agencies contacted Mr. Paleo on several occasions during the investigation, which led to seizures of cash and distribution quantities of narcotics.

The investigation also involved the use of two court-authorized Title III wire intercepts. The first intercepts began on April 21, 2022, and authorized the interception of wire and electronic communications over TT20 and TT25, used by Mr. Paleo, and TT26, used by Miguel Thomas.[1] The second round of interceptions began on August 31, 2022, and authorized the interception of wire and electronic communications over TT51 used by Mr. Paleo, TT33 used by co-defendant Octavio Guzman, and TT50 used by Augustin Gutierrez Valencia[2], as well as wire communications on TT52 also used by Mr. Paleo. The wiretaps and other investigative techniques revealed three conspiracies charged over six total indictments with twenty individuals indicted.

During the investigation, agents seized large quantities of narcotics from Mr. Paleo on two occasions. On the first seizure on January 8, 2021, agents conducted a traffic stop on Mr. Paleo, two males and a female in a white Malibu. During the search of

---

[1] Mr. Thomas was charged under *United States v. Jose Paleo, et al.* (CR22-180), as well as *United States v. Abel Cruz, et al.* (CR22-179).

[2] Mr. Gutierrez Valencia is charged under a separate indictment in front of this Court (CR22-151 LK), with five co-defendants for conspiracy to distribute controlled substances and multiple possession of controlled substances with intent to distribute charges, based on the transportation of narcotics, including methamphetamine, cocaine, fentanyl laced pills, and fentanyl powder from Los Angeles, CA, to Seattle, WA.

GOVERNMENT'S SENTENCING MEMORANDUM - 2
*United States v. Araceli Salas* / CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the vehicle, agents recovered numerous blue pills stamped "M30" suspected to contain fentanyl, with a net weight of 91 grams, 440 net grams of methamphetamine and $8,600 in U.S. currency.

Over a year later, on April 28, 2022, agents executed a warrant on a short-term rental property that was being used as a stash house for the Paleo DTO. Inside the location, agents located 9mm Luger ammunition, approximately 1,561 grams of heroin, 37 grams of suspected fentanyl-laced pills, 830 grams of suspected fentanyl powder, and 14,707 grams of methamphetamine. Agents determined, though the court-authorized wire intercepts, that Ms. Salas had used her Airbnb account to rent the property that agents executed the search warrant. *See* Exhibit A, filed under seal, Sessions 71, 521, and 531 on TT20. Following the seizure, agents intercepted communications between Ms. Salas and Mr. Paleo discussing the seizure, which they believed to be a burglary. *See* Exhibit A, Sessions 514 and 521 on TT20.

During the interception period, agents intercepted conversations between Mr. Paleo and Ms. Salas discussing their drug trafficking activities. Based on these intercepted communications agents determined that Ms. Salas was assisting Mr. Paleo with his drug trafficking activities. One of Ms. Salas' roles in the DTO was to launder the cash drug proceeds for the DTO. Ms. Salas and other members of the conspiracy structured cash deposits into Ms. Salas' bank accounts with the intent to avoid her bank filing a Currency Transaction Report ("CTR"). Between April 6, 2022, and May 18, 2022, Ms. Salas received approximately $46,800 in ATM cash deposits, and withdrew $45,000 in cash. Agents intercepted a number of communications discussing Ms. Salas' role in the money laundering conspiracy. Specifically on May 18, 2022, Ms. Salas called Mr. Paleo and they discussed Ms. Salas dropping money off to an unknown male. *See* Exhibit A, Session 2872 on TT20. During another call on the same day, Ms. Salas told Mr. Paleo that she would send one dollar to an unknown individual, and when Paleo and

GOVERNMENT'S SENTENCING MEMORANDUM - 3
*United States v. Araceli Salas* / CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the unknown individual confirmed receipt, Ms. Salas would send the rest. *See* Exhibit A, Session 2898 on TT20.

Additionally, agents intercepted conversations regarding Ms. Salas picking up and delivering controlled substances for the DTO. During the interception period in September, agents determined that Mr. Paleo was in Mexico and Ms. Salas was helping him run the DTO while Mr. Paleo was out of the country. *See* Exhibit A, Sessions 179, 395, and 484 on TT51. On September 17, 2022, agents intercepted a number of communications between Ms. Salas, Mr. Paleo, and an unknown male. During these calls agents determined that Mr. Paleo was purchasing 20 pounds of "water" [methamphetamine] from the unknown party, and Ms. Salas agreed to pick it up. *See* Exhibit A, Sessions 372-374, 376, 378-381, 387-390, 393, and 395 on TT51.

On October 19, 2022, the Grand Jury returned two indictments charging a total 11 defendants with seven counts, including Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846, Possession with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1), Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h), 1956(a)(1)(B)(i) and 1956(a)(1)(B)(ii), and Carrying a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c). Ms. Salas was charged with one count of Conspiracy to Distribute Controlled Substances, and one count of Conspiracy to Commit Money Laundering.

On October 25, 2022, the FBI conducted a search at Mr. Salas' residence in Maywood, California. During the execution of the search warrant, agents recovered approximately $3,800 in United States currency, and a Glock 42 .38 caliber pistol with an extended magazine. While the firearm was recovered from Ms. Salas' residence, it appears that it belonged to another individual who was living in the residence.

Ms. Salas was arrested pursuant to the arrest warrant issued under the indictment following the search of her residence. Ms. Salas made her initial appearance in the Central District of California. Dkt. 59. Ms. Salas made her initial appearance in the

GOVERNMENT'S SENTENCING MEMORANDUM - 4
*United States v. Araceli Salas* / CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Western District of Washington on November 8, 2022. Dkt. 73. Ms. Salas was arraigned on the indictment on the same day, and pled not guilty. *Id*. On August 5, 2024, Ms. Salas pled guilty to a lesser-included offense of Count 1, Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 and Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h). Dkt. 295. As part of that plea agreement, the government agreed to recommend a sentence that did not exceed 60 months in custody. Dkt. 297.

### *Guideline Calculations*

The government agrees that Counts 1 and 4 are grouped for guideline calculations. The Presentence Investigation Report (hereinafter "PSR") correctly calculates Ms. Salas' base offense level to be 36, as the offense involved at least 15 kilograms but less than 45 kilograms of methamphetamine. PSR ¶ 41. The government agrees with the two-level increase applied to the offense as Ms. Salas was convicted under 18 U.S.C. § 1956. PSR ¶ 43. The government agrees with the two-level decrease as Ms. Salas has met the criteria for safety valve relief. PSR ¶ 42. The government also agrees that Ms. Salas is a zero-point offender and therefore qualifies for a two-level decrease. PSR ¶ 48. During the presentence interview, Ms. Salas was forthcoming, cooperative, and expressed remorse for her conduct and accepted responsibility for her actions. PSR ¶ 38. Based on Ms. Salas' acceptance of responsibility, the government believes that Ms. Salas should receive a three-level decrease, making the total offense level 31. Ms. Salas' Criminal History Category is I, resulting in an advisory range of **108-135 months**.

### *Sentencing Analysis*

The United States respectfully submits that a total sentence of 36-months in custody is sufficient, but not more than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).

//

//

GOVERNMENT'S SENTENCING MEMORANDUM - 5
*United States v. Araceli Salas* / CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

<u>The Nature and Circumstances of the Offense</u>

The offenses committed by Ms. Salas were clearly serious and deserve a serious sanction. Ms. Salas acted as a redistributor for the DTO. During the investigation she picked up 20 pounds of methamphetamine and was responsible for assisting the DTO in laundering tens of thousands of dollars. While Mr. Paleo was in Mexico, Ms. Salas, along with co-defendant Glauco Guardado Rodriguez, was in charge of keeping the DTO running. Ms. Salas picked up drugs for Mr. Paleo, transported them, and redistributed them on his behalf. At one point, Ms. Salas even joked that she should take over all of Mr. Paleo's clients since he was out of service. *See* Exhibit A, Session 179 on TT51.

The effects of drug trafficking are massive, and in some respects, incalculable, especially when all of the collateral consequences are considered. The drugs that Ms. Salas was peddling caused irreparable harm to the community in general, as well as the families whose members are addicted to controlled substances.

As a mitigating factor, the government also recognizes that Ms. Salas did not appear to posses a firearm during the commission of this offense. While a firearm was recovered during the search of her Maywood, CA residence, the government does believe that the firearm was not hers as it was located within the property of another individual.

A sentence of 36 months is appropriate and reflects the serious nature of Ms. Salas' conduct in distributing these dangerous drugs and balances the fact that she was not committing this crime while armed with a firearm.

<u>History and Characteristics of the Defendant</u>

The government also took into account Ms. Salas' history and characteristics. The government recognizes that Ms. Salas endured significant hardship and trauma in her life, including suffering extremely traumatic abuse from a young age for multiple years. Ms. Salas also reports that as an adult she has been in multiple abusive relationships with partners.

//

GOVERNMENT'S SENTENCING MEMORANDUM - 6
*United States v. Araceli Salas* / CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4

The government also recognizes that Ms. Salas has no criminal history, and this will be her first conviction. A total sentence of 36-months is well below the advisory range, and is sufficient, but not more than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).

5
6

The Need to Promote Respect for the Law, Provide Just Punishment, and Afford Deterrence.

7
8
9
10
11
12
13

A 36-month sentence would promote respect for the law, provide a just punishment, and afford deterrence to others thereby protecting the public. While this is Ms. Salas' first conviction, it is an extremely serious one, and the recommended sentence is an appropriate punishment. Ms. Salas was responsible for distributing large quantities of addictive and deadly drugs and concealing the proceeds by laundering the funds. The government is hopeful that a sentence of this length will deter Ms. Salas from committing any additional criminal activities once she is released from custody.

14
15
16

In light of all of these factors, the government believes that a sentence of 36-months of imprisonment to be followed by three years of supervised release, subject to the conditions recommended by Probation is appropriate.

17

DATED this 31st day of October, 2024.

18
19
20
21

Respectfully submitted,

TESSA M. GORMAN
United States Attorney

22
23
24
25
26
27

*/s/ Casey S. Conzatti*
CASEY S. CONZATTI
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: 206-553-7970
E-mail: casey.conzatti@usdoj.gov

GOVERNMENT'S SENTENCING MEMORANDUM - 7
*United States v. Araceli Salas* / CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970